**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

UNITED STATES OF AMERICA

VS.  CASE NO: 6:20-cr-84-WWB-EJK

XZAVIER SCHOLTENS
_____/

**ORDER**

THIS CAUSE is before the Court on Defendant's Renewed Motion for Judgment of Acquittal and Motion for New Trial (Doc. 136) and the Government's Response in Opposition (Doc. 139). For the reasons set forth below, the Motion will be denied.

**I.      BACKGROUND**

Defendant, Xzavier Scholtens, was charged by Indictment (Doc. 1) on May 27, 2020, with: (1) knowingly transporting, or aiding and abetting the transportation of, child pornography in and affecting interstate and foreign commerce by using a means or facility of interstate or foreign commerce, including a computer, in violation of 18 U.S.C. § 2252A(a)(1), (b)(1)–(2); and (2) knowingly possessing material that contained an image of child pornography depicting a minor under the age of twelve that had been shipped and transported in interstate and foreign commerce by using a means or facility of interstate or foreign commerce, including a computer, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2). Both offenses allegedly occurred on or about November 19, 2019. (*Id.* at 1). On April 28, 2021, a jury found Defendant guilty as to both offenses. (Doc. Nos. 117, 118).

## II.     JUDGMENT OF ACQUITTAL

Defendant argues that this Court should enter a judgment of acquittal as to both counts because: (1) there is no evidence that he transported or aided and abetted the transportation of child pornography; (2) the Government failed to prove venue as to Count One of the Indictment; and (3) there was not sufficient evidence to support a finding that he possessed the child pornography.

"In deciding a motion for entry of judgment of acquittal under [Federal Rule of Criminal Procedure] 29(c), district courts . . . must view the evidence in the light most favorable to the government and determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt." *United States v. Sellers*, 871 F.2d 1019, 1021 (11th Cir. 1989) (internal citation omitted). "The prosecution need not rebut all reasonable hypotheses other than guilt. The jury is free to choose between or among the reasonable conclusions to be drawn from the evidence presented at trial[.]" *Id.* (internal citation omitted). "[T]he court must accept all reasonable inferences and credibility determinations made by the jury." *Id.*

First, Defendant argues with respect to Count One—charging him with transporting, or aiding and abetting the transportation of, child pornography—no reasonable jury could find that the transmission of a hyperlink is the "transportation" of child pornography within the meaning of the statute. This argument appears to have recently been rejected by the Eleventh Circuit. Specifically, in *United States v. Rivenbark*, the Eleventh Circuit held that the defendant could be found guilty of, at the very least, aiding and abetting the transportation of child pornography where the record was clear that he shared a hyperlink to a Dropbox folder containing child pornography. 748 F. App'x

2

948, 953–54 (11th Cir. 2018). Although *Rivenbark* is not binding on this Court, the Court finds that it is persuasive and indistinguishable from the facts of this case. Therefore, Defendant's statutory interpretation argument is without merit.

In the alternative, Defendant argues that he cannot be guilty of aiding and abetting because there was no evidence that he intended to send a link containing child pornography or that he exercised dominion or control over the contents of the linked folder. At trial, there was evidence that Defendant created and sent the link to an undercover agent during a conversation to initiate an exchange of images or links, that the link was created by Defendant just six seconds before it was sent to the agent, that the link displayed thumbnail images that clearly depicted images of child pornography, and that Defendant was able to describe to officers the contents of a number of the videos contained within the folder. Additionally, there is testimony from which a reasonable trier of fact could have concluded that Defendant also created the folder containing the pornography itself, possibly during the several minute gap between telling the undercover agent that he would send a link and the actual creation of the link.

Next, Defendant argues that the Government failed to prove that venue is proper in this Court as to Count One because venue is proper only from where the data was sent, not from where the link was created and sent. As an initial matter, this argument largely rests on the premise that the sending of a link, as opposed to the images or videos themselves, is not sufficient to constitute the transportation of child pornography, which has been called into serious question by the Eleventh Circuit. *See id.* at 954. Moreover, there is no dispute that Defendant created and sent the link from his home within this District. As the Government notes, the Eleventh Circuit has held that the commission of

3

an act in a district that is designed to assist another in effecting the crime outside that district is sufficient to place venue within the district where the act took place under 18 U.S.C. § 3237(a). *United States v. McCulley*, 673 F.2d 346, 350–51 (11th Cir. 1982). Thus, the Court finds that the Government properly established venue in this District with respect to Count One.

Finally, Defendant argues that there was no evidence to support his conviction for possession because there was no testimony that he created the folder containing the child pornography or that he knew what the folder contained. As set forth above, there is sufficient evidence from which a reasonable jury could determine that Defendant created the folder, had knowledge of the contents of the folder, and exercised sufficient control over the contents to share it with another individual. Therefore, Defendant's request for judgment of acquittal will be denied as to both counts.

## III. NEW TRIAL

Defendant also argues that he is entitled to a new trial because: (1) the Court erred in allowing the Government to introduce Twitter records obtained from NCMEC and disclosed after the discovery deadline; and (2) the Court erred in failing to instruct the jury on venue as to Count One.

Federal Rule of Criminal Procedure 33 governs motions for new trials. Pursuant to Rule 33, the Court may, on a defendant's motion, "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Whether a defendant gets a new trial "falls 'within the sound discretion of the trial court.'" *United States v. Albury*, 782 F.3d 1285, 1295 (11th Cir. 2015) (quoting *United States v. Vicaria*, 12 F.3d 195, 198 (11th Cir. 1994)). Yet the Eleventh Circuit has long cautioned that a new trial

should be granted only in "exceptional cases." *United States v. Martinez*, 763 F.2d 1297, 1313 (11th Cir. 1985) (quotation and citation omitted). Thus exercising such discretion to grant a new trial should be done "sparingly"—"[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Id.* (citations omitted).

First, Defendant argues a litany of ways in which the admission of the Twitter records was not proper. As relevant, the evidence was self-suppressed by the Government prior to trial and the Government agreed that it did not intend to offer the evidence in its case in chief. As such, this Court declined to offer an advisory opinion as to the evidence's admissibility, instead giving Defendant the instruction that he should "renew his objections to the extent that the Government attempts to introduce the evidence *for any purpose* at trial." (Doc. 107 at 1 (emphasis added)). Nevertheless, on the first day of trial—and without any mention of the evidence by the Government—counsel for Defendant began extensively questioning the Government's witness regarding the NCMEC tip that led to the evidence and the Twitter records associated with the NCMEC tip. (Doc. 128 at 99:16–102:6). During the cross-examination, the Government requested a sidebar, during which counsel for Defendant explicitly stated that she was "opening the door" and no longer objecting to the admission of the evidence. (*Id.* at 103:19–104:20). Thus, Defendant opened the door on the cross-examination of David Racca and cannot subsequently try to slam it shut simply because he thought better of that decision at a later stage of the proceedings.

Even if Defendant did not open the door by cross-examining David Racca regarding the suppressed evidence, his argument that the Government's use of the

5

evidence to impeach him on cross-examination was improper is also without merit. "(A) defendant's statements made in response to proper cross-examination reasonably suggested by the defendant's direct examination are subject to otherwise proper impeachment by the government, albeit by evidence that has been illegally obtained that is inadmissible on the government's direct case, or otherwise, as substantive evidence of guilt." *United States v. Rada-Solano*, 625 F.2d 577, 579 (5th Cir. 1980) (quoting *United States v. Havens*, 446 U.S. 620, 627–28 (1980)); *see also United States v. Ortiz-Santizo*, 766 F. App'x 890, 895–96 (11th Cir. 2019). On direct examination, Defendant testified that he intended to send pornography to the undercover agent and that he was unaware of the contents of the folder he sent. (Doc. 133 at 10:7–15). Accordingly, the Government's questions, which clarified Defendant's testimony that he did not intend to send child pornography and then questioned the credibility of that statement, were within the confines of his direct testimony and the use of the evidence for impeachment purposes was proper. *See Ortiz-Santizo*, 766 F. App'x at 896 (holding that it was not improper for the government to question the defendant on cross-examination "about conduct pertinent to the credibility of his direct testimony" and then introduce suppressed evidence to rebut his denials); *United States v. One 1979 Porsche Coupe, Vin 9289200514*, 709 F.2d 1424, 1428 & n.6 (11th Cir. 1983) (holding that the government's questions regarding the defendant's history of cocaine purchases or if he ever dealt cocaine were "reasonably suggested" by the defendant's direct testimony that he had not driven to Atlanta to purchase cocaine or transport it to Knoxville).

To the extent that Defendant argues, instead, that it was error for the Court not to hold a hearing on the evidence or the discovery violation, the Court notes that Defendant

6

was explicitly offered a hearing on the evidence prior to its admission but declined to accept that offer. (*Id.* at 103:21–104:4). Moreover, Defendant incorrectly argues that he does not bear the burden of showing prejudice as a result of the late disclosure. However, the Eleventh Circuit has rejected this argument. *See United States v. Mosquera*, 886 F.3d 1032, 1045 (11th Cir. 2018) ("When a discovery violation occurs under Rule 404(b) or Federal Rule of Criminal Procedure 16, there is no automatic consequence—relief for the violation lies within the discretion of the trial court. To support a claim for reversal . . . , the defendant must show prejudice to substantial rights." (quotation and internal citation omitted)). In his Motion, Defendant still fails to show prejudice as a result of the untimely disclosure. It is unlikely that he could show such prejudice where the evidence was turned over more than a month prior to trial and Defendant never requested a continuance or other relief based on the lateness of the disclosure. Finally, Defendant has failed to properly brief or raise his objections based on authentication and Federal Rules of Evidence 404(b) and 414. This Court will not, therefore, address these arguments that are raised only in passing and without citation to legal authority.

Second, Defendant argues that this Court erred in failing to give an instruction on venue at his request. "[A]lthough venue is an essential element, it is not a substantive element, requiring per se reversal when instructions are sought but not given." *United States v. Dileo*, 625 F. App'x 464, 469–70 (11th Cir. 2015). Here, the evidence that venue exists in this District is substantial and mostly uncontroverted. To be clear, Defendant's venue argument turns on legal arguments, not questions of fact. Thus, no factual issue as to venue was put at issue during the trial sufficient to merit a venue instruction. *See id.* at 470; *see also United States v. Rojas*, 812 F.3d 382, 396 (5th Cir. 2016) (holding that

7

the trial court did not err in declining to give a venue instruction, in part, because "the venue issue that the defendants raised was a question of law, not a question of fact" and did not put venue at issue for the jury); *United States v. Zamora*, 661 F.3d 200, 208 (5th Cir. 2011) ("Venue is not put 'in issue' when the government presents adequate evidence of venue, and the defendant fails to contradict the government's evidence."). Furthermore, Defendant's cursory argument regarding the lack of a venue instruction is insufficient to meet his burden in convincing this Court that its failure to give a venue instruction warrants the granting of a new trial.

### IV.   CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** that Defendant's Renewed Motion for Judgment of Acquittal and Motion for New Trial (Doc. 136) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on July 19, 2021.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record